# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| PAUL JASON REECE, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:06-CV-0833-AGF |
| MISSOURI DEPARTMENT OF CORRECTIONS, SOUTH CENTRAL CORRECTIONAL CENTER and E. JACKSON, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of Paul Jason Reece (registration no. 364889) for leave to commence this action without payment of the required filing fee.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period. *See* 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Applicant has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. *See* 28 U.S.C. § 1915(a)(1), (2). A review of applicant's account statement indicates an average monthly deposit of $30.17 and an average monthly account balance of $19.15. Applicant has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $6.03 which is 20 percent of applicant's average monthly deposit.

## 28 U.S.C. 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 31-32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984).

## The complaint

Plaintiff seeks monetary relief pursuant to 42 U.S.C. § 1983 for alleged violations of

2

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

his constitutional rights. Named as defendants are the Missouri Department of Corrections (MDOC), South Central Correctional Center (SCCC) and E. Jackson (director of dental services).

Plaintiff alleges that he had all of his bottom teeth pulled in December, 2003. He states that he was supposed to be fitted for a bottom plate but that this was not done for eighteen months. He seeks damages for his resulting pain and suffering.

**Discussion**

To state a claim for unconstitutional delay in providing, or denial of, dental care, plaintiff must allege that defendants have been "deliberately indifferent" to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see Boyd v. Knox,* 47 F.3d 966, 969 (8th Cir.1995) ("A three week delay in dental care, coupled with knowledge of the inmate patient's suffering, can support a finding of an Eighth Amendment violation under section 1983."). In the case at hand, plaintiff states that he was in pain and suffered as a result of defendants' failure to provide him with a bottom plate. As such, he has alleged a sufficiently serious medical need, and his claim for denial of adequate dental care against defendant Jackson survives review under 28 U.S.C. § 1915(e). Therefore, the Court will order that defendant Jackson respond to this claim.

Plaintiff's claim against defendant MDOC should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The MDOC is not a "person" for purposes of a § 1983 action. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 63 (1989). Plaintiff's claim against defendant SCCC should also be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Defendant SCCC is not a suable entity but a building or facility with no separate legal identity. *See, e. g., Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993) (jail not a legal entity subject to suit); *see also Will*, 491 U.S. at 63; *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1010 (8th Cir. 1999) (en banc), *cert. dismissed*,

3

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

529 U.S. 1001 (2000); *Alabama v. Pugh*, 438 U.S. 781, 98 S.Ct. 3057 (1978)).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. 2] be **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial partial filing fee of $6.03 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that, if plaintiff fails to pay the initial partial filing fee within thirty (30) days, without good cause shown, the Court will dismiss this action without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendants Missouri Department of Corrections and South Central Correctional Center because the claims against these defendants are legally frivolous or fail to state a claim upon which relief may be granted, or both. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendant E. Jackson.

An appropriate order shall accompany this order and memorandum.

Dated this 16th day of June, 2006.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**

PDF created with FinePrint pdfFactory trial version www.pdffactory.com