UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PAUL JASON REECE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:06CV00833 AGF |
| ) | |
| MISSOURI DEPARTMENT OF ) | |
| CORRECTIONS, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of Defendant E. Jackson to dismiss the complaint as to him for failure to state a claim. Plaintiff Paul Reece, a Missouri inmate incarcerated at the South Central Correctional Center ("SCCC"), filed this action under 42 U.S.C. § 1983, against the Missouri Department of Corrections ("MDOC"), SCCC, and E. Jackson, the Director of Dental Services at SCCC. Plaintiff claims that his bottom teeth were pulled in December 2003, and that he was not given lower dentures until 18 months later. He claims that this constituted cruel and unusual punishment for which he seeks damages for pain and suffering.

MDOC and SCCC were dismissed by Order dated June 16, 2006. Jackson now argues that the complaint fails to state a claim against him because, as owner of subcontractor Jackson Institutional Dental Services ("JIDS"), he was not directly involved in Plaintiff's primary dental care, and is not liable for wrongs committed by his employees.

In considering a motion to dismiss for failure to state a claim, the Court must review the facts as alleged in the complaint in the light most favorable to the plaintiff and dismiss the claim only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Casazza v. Kiser, 313 F.3d, 414, 418 (8th Cir. 2002) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Here, Jackson is correct that he cannot be held vicariously liable for the unconstitutional acts of his employees. A supervising doctor may not be held liable for violation of a federally protected right by medical personnel unless the supervisor is personally involved in the violation or his inaction constitutes deliberate indifference. Keeper v. King, 130 F.3d 1309, 1315 (8th Cir. 1997).

Here, however, the record before the Court[1] indicates that on February 4, 2005, Jackson responded to an Offender Grievance Appeal filed by Plaintiff related to his request for lower dentures. Therefore, Jackson has not established that he was in no way personally involved in the alleged violation of Plaintiff's rights, and dismissal of the complaint at this time is not proper. Cf. Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990) (Summary judgment was improper because defendants had actual knowledge, through review of prisoner's grievance, of the alleged constitutional violation).

Accordingly,

---

[1] This record includes Defendant Jackson's motion for summary judgment and exhibits attached there to.

**IT IS HEREBY ORDERED** that motion of Defendant E. Jackson to dismiss is **DENIED**. [Doc. # 9].

_____
AUDREY G. FLEISSIG
UNITED STATES MAGISTRATE JUDGE

Dated on this 6th day of October, 2006.